UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Holly Morris,

    Plaintiff,

v.                                                                                  19-cv-795 (JNE/BRT)
                                                                                       ORDER

Midland Funding, LLC,

    Defendant.

    Plaintiff Holly Morris sued Defendant Midland Funding, LLC in Minnesota state Court alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. *See* ECF No. 1, Ex. A, Complaint. Midland removed to federal court and moved to dismiss Morris's complaint. *See* ECF No. 1, Notice of Removal; ECF No. 6, Motion to Dismiss. For the following reasons, the Court grants Midland's motion.

BACKGROUND

    Morris obtained credit cards from Citibank, N.A. and Synchrony Bank. Midland claims to have acquired Morris's Citibank and Synchrony accounts. Morris filed a Chapter 13 bankruptcy petition in United States Bankruptcy Court in the District of Minnesota under court file number 18-bk-32063. As part of Morris's bankruptcy proceedings, Midland filed "Proof of Claim" documents for both the Citibank and Synchrony accounts ("Proofs of Claim"). With respect to the Citibank account, Midland represented it had a claim for $7,185.18 in principal, $0 in interest, and $0 in fees. With respect to the Synchrony account, Midland represented it had a claim for $6,409.91 in principal, $0 in interest, and $0 in fees. Morris alleges that the Citibank debt was in fact

1

comprised of $6,990.57 in principal, $157.61 of interest, and $37 of fees. Compl. ¶ 22. Similarly, the Synchrony debt included approximately $40 in interest and fees. Compl. ¶ 39. Thus, by describing the debt balances in the Proofs of Claim as "principal," without itemizing "fees and interest," Morris claims that Midland violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). Morris seeks actual damages, statutory damages up to $1,000, and attorneys' fees under the FDCPA.

## DISCUSSION

1. Legal Standard

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the nonmoving party. *See Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. Plausibility is assessed by "draw[ing] on . . . judicial experience and common sense." *Id*. at 679.

A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). Exhibits A through E attached to the Declaration of Patrick D. Newman,

2

ECF No. 9, are bankruptcy filings that are matters of public record and are referenced in, or are embraced by, Morris's Complaint. *See generally* Compl. It is therefore appropriate for the Court to consider these documents on Midland's Motion to Dismiss without converting it into one for summary judgment.

2. Morris's Claims

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Conduct that runs afoul of § 1692e includes "[t]he false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), as well as "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10). A false representation must be material for it to be actionable under § 1692e. *See Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343, 345-46 (8th Cir. 2018).

Morris alleges that the Proofs of Claim Midland filed in Morris's bankruptcy case are "false, deceptive, or misleading" under § 1692e. Morris's § 1692e claim is premised on the allegation that Midland violated Rule 3001 of the Federal Rules of Bankruptcy Procedure, which requires that all proofs of claim seeking pre-bankruptcy interest, fees, expenses, or other charges must be accompanied by an itemized statement of those amounts. Pl.'s Mem. 7; Fed. R. Bank. P. 3001(c)(2)(A). For example, to establish that Midland's non-itemized Proofs of Claim were "objectively false," Morris points out that "Rule 3001 specifically requires a creditor to itemize interest and fees." Pl.'s Mem. at 4. Similarly, to show that Midland's failure to itemize debt is material under § 1692e,

3

Morris explains that the "purpose of Rule 3001"—*i.e.* the purpose of requiring itemization—"is to give the interested parties to a consumer's bankruptcy the information necessary to intelligently make a decision regarding whether to challenge the proof of claim." Pl.'s Mem. at 8. Taken as a whole, Morris's Complaint assumes that Midland's alleged violation of Rule 3001 is proof positive of an actionable FDCPA claim.

Morris is mistaken. The failure to abide by the Federal Rules of Bankruptcy Procedure does not necessarily provide a basis for an actionable FDCPA claim. In *Johnson v. Midland*, the Supreme Court held that the filing of an "obviously time-barred claim" was not "unfair" or "unconscionable" within the terms of the FDCPA, even though that practice was sanctionable under the Federal Rules of Bankruptcy Procedure. 137 S. Ct. 1407, 1414-15 (2017). In support, the Court explained that the FDCPA and the Bankruptcy Code have "different purposes and structural features." *Id.* at 1415. "The [FDCPA] seeks to help consumers . . . by preventing consumer bankruptcies in the first place." *Id.* "The Bankruptcy Code, by way of contrast, creates and maintains what we have called the "delicate balance of a debtor's protections and obligations." *Id.* at 1415. "To find the Fair Debt Collection Practices Act applicable [to creditors' filing proofs of claim on allegedly stale debts] . . . would authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it." *Id.* at 1415.

This reasoning has been applied where a debtor seeks to have an alleged violation of Rule 3001 serve as the basis for liability under the FDCPA. *In re Derby*, No. 17-34385-KLP, 2019 WL 1423084, at *3-7 (Bankr. E.D. Va. Mar. 28, 2019). There, the court held that

4

> the Supreme Court's decision in [*Johnson*] leads this Court to find that the Complaint, which involves issues related to the filing of a proof of claim in order to collect payment of a debt that may be enforceable under state law, fails to state a cause of action under the FDCPA. The Bankruptcy Code and Rules provide the appropriate and exclusive means to determine whether [the claim] should be allowed and to address [the creditor's] alleged intentional violations of Rule 3001(c).

*Id.* at \*6-7. This reasoning applies to the present case. Morris alleges that Midland filed Proofs of Claim in her bankruptcy case that did not comply with Rule 3001 of the Federal Rules of Bankruptcy Procedure. Rule 3001 therefore provides the "appropriate and exclusive" means to determine whether Midland's Proofs of Claim should be allowed.

Morris's argument that *Johnson* is inapposite does not persuade the Court. Morris contrasts *Johnson*, where Midland "filed a truthful proof of claim that provided all interested parties with the relevant information needed for them to determine whether to mount a statute of limitations defense," with the present case where Midland allegedly withheld information from interested parties by failing to itemize the principal, interest, and fees on the disputed Proofs of Claim. Pl.'s Mem. at 13. But this distinction does not address the substance of the *Johnson* Court's reasoning: namely, that the different purposes and structural features of the FDCPA and Bankruptcy Code limit the applicability of the FDCPA to remedy Bankruptcy Code violations. *See id.*; *see also In re Freeman-Clay*, 578 B.R. 423, 442 (Bankr. W.D. Mo. 2017) (discussing *Johnson*).

In sum, the FDCPA's protections are inapplicable to Morris's claims against Midland. Morris's claims arise from Proofs of Claim filed in a bankruptcy proceeding that allegedly violate Rule 3001 of the Federal Rules of Bankruptcy Procedure. *Johnson* suggests that the Bankruptcy Code and Rules provide the exclusive means for

determining whether such claims should be allowed. While the Court does not necessarily read *Johnson* to foreclose all FDCPA claims that implicate the Bankruptcy Code, here, Morris has not provided a plausible legal basis for applying the FDCPA to the non-itemized proofs of claim at issue in this civil proceeding.[1] For this reason, Morris has not pled a plausible claim under § 1692e and the Court must grant Midland's Motion to Dismiss.[2]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Midland Funding LLC's Motion to Dismiss, ECF No. 6, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be GRANTED;

2. Plaintiff Holly Morris's Complaint, ECF No. 1, be DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: August 29, 2019

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] For example, Morris relies on cases involving debtor-plaintiffs seeking relief under Rule 3001 in bankruptcy court. *See* Pl.'s Mem. at 2, fn.1 (citing *Maddux v. Midland Credit Mgmt., Inc.*, 567 B.R. 489 (Bankr. E.D. Va. 2016); *Jowers v. Midland Funding, LLC et al.*, Adv. P. No. 16-80101 (Bankr. D. S.C. May 24, 2017); *Thomas, et. al. v. Midland Funding, LLC et al.*, Adv. P. No. 17-0510 (Bankr. W.D. Va. November 30, 2017); *McClain v. Midland Funding, LLC et. al.*, Adv. P. No. 16-80100 (Bankr. D. S.C. November 10, 2016); *Martin v. Midland Funding, LLC et. al.*, Adv. P. No. 16-80099 (Bankr. D. S.C. January 12, 2017)).

[2] Because the Court dismisses Morris's claims on these grounds, it does not reach Midland's arguments that the Proofs of Claims filed in Morris's bankruptcy case were (1) accurate and (2) any misrepresentations contained in the Proofs of Claim were not material.